129 F.3d 127
 80 A.F.T.R.2d 97-7646, 97-2 USTC P 50,950
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
David RENDEL; Rachel RENDEL, Petitioners-Appellants,
v.
COMMISSIONER, INTERNAL REVENUE SERVICE, Respondent-Appellee.
 No. 96-70477.
 United States Court of Appeals, Ninth Circuit.
 Nov. 03, 1997.
 
 Appeal from a Decision of the United States Tax Court
 Stephen J. Swift, Tax Court Judge, Presiding
 Argued by Telephone and Submitted October 1, 1997 San Francisco, California
 Before: FLETCHER, WIGGINS and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 SWIFT
 
 2
 David and Rachel Rendel appeal the Tax Court's determination that they are taxable in 1983 on income they pulled out of a sham trust in that year. We affirm.
 
 
 3
 We cannot say that the Tax Court clearly erred in finding that CCMI controlled finds in the offshore trust bank accounts until they were first transferred to the Rendels for their personal use in 1983. There is ample evidence in support: in 1982 CCMI began to transfer its profits to a series of offshore trusts, ending with the Alpha Trust which used CCMI's corporate identification number; in 1983 Alpha retransferred funds to CCMI, which repeated the process; and in 1983 a cashier's check drawn on the Alpla account was turned over to the Rendels which they then useci as part payment on the purchase of a new residence. The trusts were sham, but the funds that were channeled back and forth between them and CCMI were CCMI's. Once the money was withdrawn in ] 983 and distributed to the Rendels, it was properly taxable to then.
 
 
 4
 The Rendels argue that income is taxable when received under a "claim of right." That doctrine, first articulated in North American Oil v. Burnet, 286 U.S. 417 (1932), governs whether a taxpayer who has received income in a given year should recognize that income in that tax year ever thcugh his or her entitlement to the income in disputed. The Court held that the taxpayer may not defer recognition of the income received under a claim of right even though there was a possibility that part of the income might later have to be disgorged. Id. at 424.
 
 
 5
 The doctrine, then, is inappllcab]e here where the Rendels recelved the income in question in 1983, and seek to accelerate the recognition of that income to 1982.
 
 
 6
 Nor do we believe the Tax Court clearly erred in finding fraud by clear and convincing evidence. Contrary to the Rendels' view, the court's findings are adequate for meaningful review. The evidence shows that the Rendels tried to conceal the $184,630 they used to buy the house through a sham loan transaction, and they refused to file an amended return even though advised to do so. Whether or not they had to file an amended 1982 return. tearing it up and saying that "We'll wait until the IRS catches us" strdngly supports the Tax Colirt's decision that the Rendels attempted fraudulently to conceal their income. While the Rendels argue that they adopted the ALA scheme in reliance on the advice of ALA counsel and their own accountant, and that the suspicious evidence upon which the Tax Court based its finding of fraud is "year neutral," the Tax Court could well conclude otherwise since the Rendels didn't report any of the trust Lncome in either year. For these reasons and others set out in the Tax Court's decision, the underpayment of income tax for 1983 was fraudulent, and the statute of limitations was properly extended. I.R.C. § 6501(c),11).
 
 
 7
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not
 be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3.